## BILL JONES v. THE STATE.

*No. 6625.    Decided June 12.*

1.  **Practice—Charge of the Court.**—The indictment alleged the ownership of the stolen property to be in Frank Paxton and C. C. McClure, and the court charged the jury as follows: "If from the evidence adduced in this case you are satisfied beyond a reasonable doubt that * * * defendant unlawfully took one cow, * * * the property of Frank Paxton and C. C. McClure, without the consent of said Paxton and said McClure *or of either of them,*" etc. *Held,* that the words italicised should have been omitted, and that the charge as to consent should have been "without the consent of Frank Paxton and without the consent of C. C. McClure," etc.

2.  **Theft—Fact Case.**—See the statement of the case for the substance of evidence *held* insufficient to support a conviction for theft.

APPEAL from the District Court of Llano.    Tried below before Hon. A. W. Moursund.

The conviction in this case was for the theft of a cow, the property of Paxton and McClure.    The penalty assessed against the appellant was a term of two years in the penitentiary.

With reference to the proof on the trial *sufficit* that it showed the taking from the possession of Paxton and McClure in Llano County of a cow of a certain description, and that thereafter the defendant sold a cow of the same description to one Whitfield in Williamson County.    By his brother A. E. Jones and by Bud Miller the defendant proved his purchase of the cow he sold Whitfield from one Ed Smith, who claimed to live in San Saba County; and by W. C. Hartley it was proved that Ed Smith lived in said Llano County some years prior to this trial and that he had been in said county as a visitor since his removal therefrom.

*Miller & Lauderdale,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This conviction is for the theft of a cow, and must be set aside because of a fundamental error in the charge of the court. The indictment alleges ownership of the cow in two persons jointly, to-wit, Frank Paxton and C. C. McClure, and the jury are instructed in the charge as follows: "If from the evidence adduced in this case you are satisfied beyond a reasonable doubt that * * * defendant unlawfully took one cow, * * * the property of Frank Paxton and C. C. McClure, without the consent of said Paxton and said McClure *or of either of them,*" etc.    The words "or of either of them" should have been omitted, and the charge as to consent should have been "without the consent of Frank Paxton and without the consent of C. C. McClure," etc. Woods v. The State, 26 Texas Ct. App., 490.

Other questions presented in the record are not considered, as they are

not likely to arise on another trial. We will remark, however, that as presented in the statement of facts the evidence does not in our opinion warrant the conviction, but upon another trial sufficient proof of defendant's guilt may be adduced.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.